JAMES S. McKAY, *et al.*, as Superintendents of the Poor of Steuben County, Respondents, *v.* WILLIAM WELSH, JR., as Overseer of the Poor of North Dansville in the County of Livingston, Appellant.

*Supreme Court, Fifth Department, General Term, June 22, 1889.*

1. *Poor and poor laws. Notice. Liability.*—A notice, given by the superintendent of the poor to the overseer which simply states that the pauper was supported at the expense of his county, without an averment of an unlawful or improper removal, is insufficient, under section 59, title, 1 chap. 20, part 1, of the Revised Statutes, as amended by chap. 546, Laws of 1885, to require the overseer to deny by counter notice, does not preclude the town, in the absence of such denial, from contesting the claim, and does not comply with the requirements of the statute so as to create any liability against the defendant.

Appeal from a judgment entered upon the report of a referee.

*Geo. T. Spencer*, for respondents.

*Geo. J. Bissell*, for appellant.

MACOMBER, J.—The plaintiffs, who are the superintendents of the poor of the county of Steuben, bring this action to recover of the overseer of the poor of the town of North Dansville, in Livingston county, certain sums of money which had been expended by them in behalf of one Martin Roff, who was alleged to be a poor and indigent person, sent or removed, or who came of his own accord, from the town of North Dansville to the town of Hornellsville.

For a number of years prior to 1886, this Martin Roff was domiciled with his family in the town of North Dansville. In the month of November or December, 1886, as the referee finds, he "went from his own accord, from his residence, in North Dansville, to the town of Hornellsville, and engaged in services as a barber, where he continued until the 25th day of January, 1887, when he was taken sick, and being without means, and needing care and relief, was taken charge of by the plaintiffs, as superintendents of the poor of Steuben county, who thereupon furnished him relief and support."

Section 59 of the Revised Statutes (title 1, chap. 20, part 1), as amended by chapter 546 of the Laws of 1885, is as follows:

"Any pauper so removed, brought or enticed, or who shall of his own accord come or stray from one city, town or county, into any other city, town or county, not legally chargeable with his support, shall be maintained by the county superintendents of the county where he may be. They may give notice to either of the overseers of the poor of the town from which he was brought, or enticed, or came, if such town be liable for his support; and if there be no

town in the county from which he was brought, or enticed, or came, liable for his support, then to either of the county superintendents of the poor of such county, informing them of such improper removal, and requiring them forthwith to take charge of such pauper."

The evidence shows that Martin Roff, while living in Dansville, was not a pauper, but on the contrary was a freeholder, his wife having a house and lot there, for the purchase of which he had materially contributed. He was not a tramp. He seems to have gone from North Dansville to Hornellsville for the purpose of bettering his condition or earning more wages at his trade. At Hornellsville he fell ill, and being without funds, became a charge upon the authorities there. He was not, however, a pauper, within the meaning of the term used in this statute. Nor has the referee found him to be a pauper. He has simply found that being domiciled and residing at North Dansville, he went of his own accord from his residence, etc., and engaged in services as a barber. This finding is as broad as the evidence could warrant.

Hence the conclusion reached by the referee is founded, not upon the fact that Roff was actually a pauper when he left North Dansville, but rather upon the fact that the overseer of the poor of that town failed to notify the county superintendents, from whom the notice had been received, that he denied the allegation of such improper removal, or that his town was liable for the support of such pauper. In pursuance of section 60 of chapter 546 of the Laws of 1885, the overseers of the poor are required, when notified, within thirty days to take and remove the pauper from the county where he has gone to their own town and support him, and pay the expenses of the notice and the expense of the support of such pauper,, " or they shall within the said time, by a written instrument under their hands, notify the county superintendents from whom such notice was received, or either of them, that they deny the allegation of such im-

30

proper enticing or removal, or that their town is liable for the support of such pauper."

It is conceded that the overseer of the poor of North Dansville did neither of these alternative acts. Section 61 makes the town liability absolute, and precludes it from contesting the allegations of the notice, unless the facts and the liability are denied by the counter-notice. Liability immediately attached in behalf of the superintendents giving succor to this supposed pauper against the municipality from which he came, and an action might be maintained therefor, together with the expense of notifying the overseer of the town, provided the notice which the plaintiffs served was sufficient.

That notice is as follows:

COUNTY OF STEUBEN, *ss.*:

" To the overseer of the poor of the town of North Dansville, Livingston county:

" You are hereby notified that Martin Roff, who gained a settlement in your town, to which he belongs, is in the town of Hornellsville, in said county of Steuben, and is supported at the expense of Steuben county, for which the undersigned is county superintendent of the poor. You are therefore required to provide for the relief and support of the said pauper.

" Given under our hands at Hornellsville this 28th day of January, 1887.

" JAMES S. McKAY,
" CHAS G. HUTCHINSON,
" GEORGE P. LORD."

The first part of this notice is so drawn as to relate to controversies between towns of the same county, rather than to matters arising under the statute in question. But giving to it the broadest application, it does not come up to the requirements of the statute. It does not aver that Roff was

a pauper while in North Dansville. It does not aver that his voluntary change of habitation was "improper." For aught that appears in the notice, Roff's removal was legal and proper. Its language is entirely consistent with the idea he was the welcome guest of Steuben county. A notification that he was supported at the expense of that county, unaccompanied with an averment of an unlawful or "improper removal," was not sufficient to call upon the overseer of the poor of North Dansville to deny anything contained therein.

We are not unaware that the amendment of the Revised Statute made by the act of 1885 (chap. 546, *supra*), which includes voluntary removals of poor persons from one county to another, has been repealed by chapter 486 of the Laws of 1888, thus restoring the provisions of the Revised Statutes as they existed before the passage of the act of 1885, but such repeal can have no bearing upon the questions presented in the case.

The judgment should be reversed, and a new trial granted before another referee, with costs to the appellant to abide the event.

All concur.